The next case is Sandra Colman Lerner v. Stephen J. Colman et al, appeal number 201984. Attorney Connolly, please reintroduce yourself for the record and proceed with your argument. Yes, Michael Connolly from Rubin & Rudman, representing Sandra Lerner Colman. District Court Judge Young found that Ms. Colman's complaints officially pled a criminal enterprise involving her cousin Stephen Colman, the defendant, Daniel J. Flynn, and James Canavan, and it met the requirements of Federal Rule of Civil Procedure 9B. The defendants, Colman, Canavan, and Flynn, knew each other since high school. When Colman and Mr. Canavan graduated from law school and became members of the Mass Bar in 1990, they worked out of the same building at 1495 Hancock Street in Quincy. Stephen Colman started working exclusively for Dan Flynn as his Corporate General Counsel for nearly 20 years, starting in 1995. District Court Judge Young specifically found that Ms. Colman adequately pled that they were an association, in fact, under RICO, and Dan Flynn, as your Honors know, was indicted on nine counts of wire fraud and mail fraud in 2015. In 2017, he pled guilty and has served a four-year sentence for those charges. With respect to the particular schemes pled in Ms. Colman's complaint, they have created a cottage industry of civil lawsuits involving fraud, business torts, breaches of contract, and violations of General Laws Chapter 93A. Those lawsuits are mentioned in footnotes 2, 3, 4, and 5 of our brief. There have been no claims against any of the defendants alleging securities fraud brought by anybody, nor by the SEC, the Department of Justice, or the Division of Securities of the Massachusetts Secretary of State's Office. Sandra Colman was a victim of one scheme, and that was the Solar Resources Scheme, which took place before her uncle, Bill Colman, died in late 2011. When Stephen Colman took over as President of Solar Resources, Weekend 10 diverted 53% of the shares of Solar Resources to himself, Mr. Canavan, Mr. Flynn, Bill Colman's ex-wife, and then Stephen Colman's siblings. They all cashed out a year later, in December of 2012, when the company was sold for $11 million. That's the one offense that Ms. Colman was a victim of and did suffer harm. Judge Young, in his decision, found that four out of the five predicate acts were excluded under the RICO Securities Fraud Exception that came into effect under Section 107 of the Private Securities Litigation Reform Act of 1995, and then became embodied in 18 U.S.C., 1964, little c. Judge Young found that Ms. Colman was a victim of the Solar Resources Scheme, which lasted for over a year, possibly longer, but that scheme, in and of itself, was not sufficient under 18 U.S.C., 1962, a, b, c, and d. I'm going to focus on 1962, c, and then, by implication, d, for this argument. The appellate contentence, the Weekend 10, that the District Court committed error in holding that the Securities Fraud Exception barred Ms. Colman from bringing her RICO claims. The Securities Fraud Exception was intended to make sure that plaintiffs who can bring a securities action don't bring a RICO action to get the enhanced penalties. I believe counsel for the defendant and Judge Young would all recognize and concede that Ms. Colman could not have brought a securities fraud claim for solar resources, and certainly could not have brought a securities fraud claim for the other predicate acts, the other four acts involving Mr. Coleman, Mr. Flynn, and Mr. Canavan, which were really garden variety real estate fraud. The plain text of 18 U.S.C., 1964, c, controls, and there are three parts to this statute, your honors. The first part reads, with any person injured in his business or property by reason of a violation of section 1962 of this chapter, may sue therefore, and then it goes on. And then the second part, and I will call that the rule, that's the first rule in subsection c of 1964. The second part is an exception to that rule, and it reads, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase and sale of securities to establish a violation of 1962. And then the third section, which I can address later. Doesn't everything hinge on the second section on what it means? It does, your honor, and so that's why you want us to read except that no person may rely upon any conduct that would have been actionable as fraud. Right, your honor, but I think if it's an exception, it's an exception to the first part of the statute, which is the rule saying any person injured in his business or property by reason of a violation of section 1962. And then the exception is except no person may rely on any conduct that would have been actionable as fraud in the sale of purchase and sale of securities. And so we are our most fundamental argument on this point is that plain language. We contend is fairly clear that that the exception applies to the rule and that it only applies to people who were injured in their business or property. And so so we would contend that Judge Young was respectfully because Judge Young is a very detailed and excellent judge, but she relied on the Second Circuit and some other cases that basically did a brush over on 1964 Section C. And which we contend that the plain reading of the statute would provide that the exception must fit within the rule. And if I understand your argument is basically the argument that is set forth by the district court in the Menzies case. Yes, your honor, and that was upheld on a firm affirmed by the Seventh Circuit in part. And is there any point you would make in addition to what the judge made in the Menzies case that we should pay attention to? On the statutory construction arguments, there is not. And the only points I would made and they may have been made in that case is if you go to the legislative history of Section 107 of the PSLRA. Representative Cox and then Representative Bill McCollum. This is in our brief and it's attached to our brief as exhibits C and D. And then SEC Chairman Arthur Leavitt's testimony basically say that because the securities laws generally provide adequate remedies for those injured by securities fraud. It is unnecessary and unfair to expose defendants and security cases to the threat of trouble, damages and other extraordinary remedies provided by RICO. Sure, let me ask you this. And I don't know, so I'm asking the question. Am I correct that if we were to affirm the holding here, it would still be the case that any person injured by the securities fraud by any of these fellows could bring a securities fraud claim or a common law fraud claim against them? And with respect to the claim that injured your client, the Solar Resources Clause, your client could bring a claim in tort against them as well. The only problem from your perspective is that your client can't bring a treble damage RICO claim unless we find the exception inapplicable. That is fair, but the reason... Everybody gets full recovery, but what you don't get is treble damage recovery because you've only got one act if the exception applies. Unless we go with your alternative argument on the East Howard Property Scheme. Right, which I will get to because we do believe that any reading of the facts in our complaint on East Howard does not allege securities fraud. Sure, but your problem there is continuity. They're nine years apart, very different types of fraud. What's your argument on that? Well, the argument on that, and that's why this was brought as a RICO case, Judge, is that what really happened, there was a good solid 15 years where these three people, two members of the Massachusetts Bar, were doing scam after scam after scam, leaving multiple victims in their wake all across the state that spewed all sorts of lawsuits, and at least Mr. Coleman and Mr. Canavan came out completely unscathed and Mr. Flynn went away to jail. So when we looked at this and said, what's really happening, it was really clear to us, right, that this was just, it was a repeated continuous pattern of fraud. As I understand it, and correct me if I'm wrong, if we don't rule for you on the securities fraud exception of the PLSRA, then you've got this alternative argument that you've got two acts, Solar Reef Sources and East Howard Property Scheme, and you need to show that those two acts are sufficiently related to constitute a pattern. And so how do you do that, given, I understand they both involve fraud, but it seems the means, the timeframe, the precise, I'm having trouble seeing how they're related, other than it's the same guys who did it. So it's the same people that did it, that did the agreement with Lincoln, did the agreements with the folks in East Howard Property. They were maybe six or seven years apart, right, I think they were, began in 2013, I mean 2003, and went after that, and then there was 2011, sometime period before that, and then sometime period after that. It was the same people that were working in the same building, performing their different expertise, and to put it bluntly, and conning people, that we would say that, yes, that they were part of a scheme to defraud. And even though there were other predicate acts that would have been knocked out because they were excluded by the securities fraud exception, but I will submit to you, Your Honor, that if what you're saying is that our client still would have a right to go on their one, but we do believe that it would have made out a continuous pattern. Would you need a remand for that to be fleshed out, or can we decide that question one way or the other on this record? The timing can be decided on this record, you know, based on the allegations in the complaint, otherwise, I think we would need a remand, and especially when we're going to deal with the other three predicate acts of fraud, unless they're going to say that they can't be used by us. Well, they can't be used as predicates, are they nonetheless relevant evidence of the scheme, even though they may not be used as part of the RICO predicates? I would submit they would be, Your Honor. I mean, it's how they made their living for the better part of 12, 13 years. I mean, they just were doing this to people and getting away with it. So, let me go back to the predicate acts. I'm still having trouble seeing how you connect solar resources in East Howard. Suppose on day one, I defraud you by selling you some bogus Red Sox tickets, and then eight or nine years later, I sell a car to someone, and I move the odometer back in it and get a higher price for it, so I commit fraud there. Would you say that those two predicate acts as the only predicate acts standing alone could constitute a RICO pattern? I would say, yes, they would be, and I would also say that... Okay, and tell me what case would allow something where the methods were different, the time frame was separated. What's your best case for such a broad construction of the definition? Well, I would have to go back to the RICO is a remedial statute that is to be broadly construed, and I would like to be able to show at least the other three acts, even if they were arguably security fraud, even though no one ever brought us that they were part of a pattern of criminal conduct. Yeah, but the statute says if you lose that argument, it says you can't rely on that conduct in prosecuting a RICO claim. So, you've got to connect the two, and I'm not saying we'll rule against you on the one, right? Who knows? But if we do, then your only hope is to connect those two other non-securities claims. And I'm trying to ask what case you would point us to, because I haven't seen one yet. What case are you pointing us to that would allow these seemingly disparate acts to be connected? Right. So, let me... And if you just want to refer us back to your brief, we will look at those cases anyhow. No, I know that, and I appreciate it. I'm just... So, on an open or closed-end pattern, two schemes over two periods of time, we would say that they were related and that they were close enough in time, given what they were doing. I don't have a case right now, a citation, that I could say it meets that standard. Okay, I understand. Thank you, Mr. Connolly. Are there additional questions from the panel at this time? No. All right. Thank you. If you would mute your audio and video, we will hear from Mr. Curran. Okay. Thank you, Your Honors. Good morning. May it please the Court, Dana Curran for Steve Coleman. Mr. Canavan and the siblings have also joined in on my arguments here. Counts one through three of Lerner's complaints alleged a violation of civil RICO. And as Judge Young correctly noted, a claimant has to establish at least one predicate offense to establish the necessary pattern. She attempted to support her claims by pointing to the four alleged frauds. We do not accept Lerner's characterization of Coleman's conduct as fraudulent during these four earlier... and that they engage in any kind of fraud or misconduct. But in any event, Judge Young correctly found that all four of the prior alleged schemes involved securities fraud. One of them involved what has been characterized as an investment fund. And the other three involved promissory notes, which can be fairly characterized as securities. So... Well, assuming that's true, your argument is that we should accept the statutory interpretation in 1964C. That the except provision is essentially a standalone provision and doesn't refer back to the any person. That's right. And that's the majority of federal courts. Aside from Menzies, which was affirmed in part by the Seventh Circuit. My understanding is that no other court has found that connection. Judge Young analyzed Menzies and said... And he was not persuaded by the grammatical connection between actionable and the person who has been injured. That's really what is necessary in order to make that connection. And it wasn't supported. The legislative history is rather vague. It does not support that contention. And the plain language doesn't support that reading. And again, a majority of federal courts that have addressed this issue have said... It's a broad reading. It can be actionable by anyone, not just the person involved. There are also other issues. For example, the fact that there's a substantial passage of time. And but those are critical in this case, but not essential. In essence, Judge Young looked at this and said, these are completely unrelated. So Ms. Lerner can go and file a fraud action. And there were three state court actions. There's nothing prohibiting her from bringing those in another forum. But what she doesn't get is the treble damages under civil RICO. And it is certainly a stretch to suggest that she is entitled to that. I think Lerner attempts to get around this by saying that the solar resources in and of itself. This so-called scheme reflects a pattern over a substantial period of time. But really, it was a few acts occurring over a couple of months in late 2011 and early 2012. Coleman disclosed that to some of the remaining siblings and Lerner found out about it a substantial time later. If she, to the extent that she contends that that was fraudulent, she has remedies for that. She has forums for that. But what she doesn't have is a basis for proceeding under civil RICO. Unless there are any further questions, I will leave the remaining points to my brief. All right. Thank you, Mr. Curhan. Thank you. That concludes argument in this case. Attorney Conley and Attorney Curhan, you should disconnect from the hearing at this time.